1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BENJAMIN ROBERT GALLEGOS,                No. 2:24-cv-01891-KJM-EFB (PC)

12               Plaintiff,

13         v.                                 ORDER

14   J. GOMEZ, et al.,

15               Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to

18   42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

19   forma pauperis pursuant to 28 U.S.C. § 1915 (ECF Nos. 2, 6).

20                          Leave to Proceed In Forma Pauperis

21         Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25                             Screening Standards

26         Notwithstanding payment of the filing fee, the court must screen plaintiff's complaint in

27   accordance with 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the

28   complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Discussion

Plaintiff sues eight staff of California State Prison, Sacramento ("CSP-Sac") (three of whom are not identified by name[1]) and the California Department of Corrections and

---

[1] The court cannot order service of a complaint on an unidentified party. Plaintiff must use institutional processes, discovery in this action, or other available methods to identify unidentified parties. He may then seek to file an amended complaint to name the currently-unnamed defendants.

2

1  Rehabilitation ("CDCR").  He alleges as follows:  In September 2022, plaintiff was out-to-court

2  and temporarily housed at the California Health Care Facility ("CHCF").  ECF No. 1 at 4.  In a

3  state of distress, plaintiff ingested broken glass.  *Id.*  He was taken to San Joaquin Hospital for

4  treatment and was released when medical staff determined that the glass was passing through

5  plaintiff naturally.  *Id.* at 4-5.  Correctional officers from CHCF transported plaintiff from the

6  hospital back to CSP-Sac.  *Id.* at 5.

7       Upon arrival at "TTA 56"[2] at CSP-Sac, defendant Correctional Sergeant J. Kern addressed

8  plaintiff "in a[n] over aggressive/unbecoming manner."  *Id.*  Kern directed the CHCF transport

9  officers to take plaintiff to "R&R."  *Id.*  Upon arrival at R&R, another officer told the transport

10  officers to take plaintiff back to TTA 56.  *Id.* at 6.

11       Back at TTA 56, Kern directed that plaintiff be taken "back to A5," but plaintiff refused

12  out of fear that he would be beaten or deprived "of equity of care."  *Id.* at 7.  Defendant

13  Registered Nurse Jane Doe stated that plaintiff was "cleared" to be taken to A5 even though no

14  medical personnel had examined plaintiff in order to clear him.  *Id.*  Plaintiff again refused to go

15  to A5 without first being seen by "Medical and Mental Health."  *Id.*

16       Defendant Correctional Officers J. Gomez, M. Moreno, and J. Gaylen entered TTA 56

17  and were informed that plaintiff had broken glass in his stomach.  *Id.*  Together with Kern, the

18  three correctional officers carried plaintiff, who was in full restraints, to the back of the room.  *Id.*

19  at 8.  They slammed plaintiff down on his lower back and twisted his legs to force him onto his

20  stomach.  *Id.*  Plaintiff cried out in pain, but the four defendants continued to assault him,

21  including punching him in the stomach knowing that he had swallowed broken glass.  *Id.*  R.N.

22  Jane Doe ignored plaintiff's cries for help.  *Id.* at 9.  The doctor present, defendant Doctor John

23  Doe, did not examine or clear plaintiff while he was at TTA 6, nor did he respond to the use of

24  force.  *Id.*

25       Defendant Correctional Sergeant John Doe told the transport officers that plaintiff

26  deserved the assault due to his charges and other conduct.  *Id.*  Defendant Correctional Officer

27

28      [2] Plaintiff refers to TTA 56 as a triage area later in the complaint.  ECF No. 1 at 7.

1    John Doe grabbed and manhandled plaintiff after the assault, despite plaintiff's cries and tears.

2    *Id.* at 10.  Plaintiff was taken from TTA 56 without clearance from medical or mental health staff.

3    *Id.*  He was bedridden for a week from injuries he sustained in the assault.  *Id.* at 11.

4        The Eighth Amendment protects prisoners from inhumane methods of punishment and

5    from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

6    2006).  To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must

7    allege facts that show that a correctional officer used force against him maliciously and

8    sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.

9    *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  To determine whether the evidence establishes

10   such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between

11   that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the

12   extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the

13   forceful response.  *Id.* at 7.

14       In addition, "[p]rison officials have a duty to ensure that prisoners are provided adequate

15   shelter, food, clothing, sanitation, medical care, and personal safety."  *Johnson v. Lewis*, 217 F.3d

16   726, 731-32 (9th Cir. 2000) (quotations and citations omitted).  Prison officials are obligated by

17   the Eighth Amendment to take reasonable measures to protect prisoners from violence by others.

18   *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To state a failure-to-protect claim against an

19   official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial

20   risk of serious harm and (2) that the official was deliberately indifferent to his safety.  *Id.*

21   "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an

22   inmate's safety.  *Id.* at 837.  "[T]he official must both be aware of facts from which the inference

23   could be drawn that a substantial risk of serious harm exists, and he must also draw the

24   inference."  *Id.*

25       To succeed on an Eighth Amendment claim predicated on indifference to medical needs, a

26   plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to

27   that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

28   *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

4

treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096.

Construed liberally and for the purposes of § 1915A screening only, plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Gomez, Moreno, Kern, Gaylen, Registered Nurse Jane Doe, Doctor John Doe, and Correctional Officer John Doe.

Plaintiff's claims against Correctional Sergeant John Doe and CDCR must be dismissed, however. Plaintiff's sole claim against defendant Correctional Sergeant John Doe is that this defendant tried to justify plaintiff's assault to the transport officers by "reading false charges" and making other statements. Such conduct does not arise to a constitutional violation, and plaintiff does not allege that this defendant witnessed or took part in the assault. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (it "trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong"); *Gray v. Morrison*, No. 18-cv-02608-EMC, 2018 U.S. Dist. LEXIS 159394, at *9 (N.D. Cal. Sep. 18, 2018) (there is no constitutional guarantee to honesty from one's jail guards). Accordingly, plaintiff has not stated a cognizable claim against Correctional Sergeant John Doe.

Lastly, CDCR is not a proper defendant, as it is a state agency and is thereby shielded by the eleventh amendment from liability under § 1983. *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009), quoting *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]") (citations, alteration, and internal quotation marks omitted).

Plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein.

////

////

5

Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* Local Rule 110.

Conclusion

Accordingly, IT IS ORDERED that:

1.    Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.    Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3.    Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, potentially cognizable Eighth Amendment Claims against defendants Gomez, Moreno, Kern, Gaylen, Doctor John Doe, Nurse John Doe, and Correctional Officer John Doe.

4.    All other claims are dismissed with leave to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his complaint.

5.    Within thirty days plaintiff shall return the notice below advising the court whether he

elects to proceed with the cognizable claims or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time.

6.    Failure to comply with any part of this this order may result in dismissal of this action.

Dated: February 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7

1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    BENJAMIN ROBERT GALLEGOS,              No. 2:24-cv-01891-KJM-EFB (PC)

11                      Plaintiff,

12          v.                               NOTICE OF ELECTION

13    J. GOMEZ, et al.,

14                      Defendants.

15

16          In accordance with the court's Screening Order, plaintiff hereby elects to:

17

18          (1) _____    proceed only with the Eighth Amendment claims against defendants

19    Gomez, Moreno, Kern, Gaylen, Registered Nurse Jane Doe, Doctor John Doe, and Correctional

20    Officer John Doe.

21

22          OR

23

24          (2) _____    delay serving any defendant and file an amended complaint.

25

26                                              _____

27                                                           Plaintiff

28    Dated:

                                                8