UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS, Plaintiff, v. J. GOMEZ, et al. Defendants. | No. 2:24-cv-1891-DAD-EFB ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court screened in potentially cognizable Eighth Amendment claims stated in plaintiff's original complaint against defendants Gomez, Moreno, Kern, Gaylen,[1] Registered Nurse Jane Doe, Doctor John Doe, and Correctional Officer John Doe. ECF No. 8; *see* ECF No. 1 (complaint). Plaintiff elected to proceed on the complaint as screened. ECF No. 11.

## MOTIONS TO AMEND THE COMPLAINT

A. Legal Standard

Because plaintiff filed his proposed amended complaint more than 21 days after defendants answered the original complaint, he may only amend his complaint with defendants'

[1] Kern is a correctional sergeant. Gomez, Moreno, and Gaylen are correctional officers. Gaylen also uses the surname "Romney." *See* ECF No. 57 at 35 (defendant is named as "Gaylen (Romney)" in the proposed amended complaint); ECF No. 32 at 50, 70 (Romney's discovery responses).

consent or leave of court. Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

B. The Fourth Motion To Amend Is The Operative Motion

More than seven months after electing to proceed on his original complaint, plaintiff filed two motions to amend it. ECF No. 25; ECF No. 26. Defendants opposed the first motion on the grounds that plaintiff had not filed a proposed amended complaint. ECF No. 27. On February 9, 2026, the court ordered plaintiff to file a proposed amended complaint. ECF No. 38. This order apparently "crossed in the mail" with plaintiff's third motion to amend which also did not include a proposed amended complaint and which was filed February 12, 2026. ECF No. 40. Plaintiff filed a pleading captioned as his supplemental declaration on February 26, 20260. ECF No. 45. The supplemental declaration contained most of the text of the pleading (30 out of 36 pages) that plaintiff later filed with his fourth motion to amend as his proposed amended complaint, but plaintiff did not designate it as a proposed amended complaint. Plaintiff's fourth motion to amend, filed April 16, 2026, was accompanied by a proposed amended complaint captioned as such. ECF No. 56; ECF No. 57.

The court construes the first three motions to amend and the "supplemental declaration" filed after the third motion as having been superseded by plaintiff's fourth motion to amend and will deny the three earlier motions as moot. The court construes plaintiff's fourth motion to amend (ECF No. 56) as the operative motion asking leave to file the version of the amended complaint docketed at ECF No. 57.

////

////

C. The Proposed Amended Complaint

The court previously screened in Eighth Amendment claims against defendants Gomez, Moreno, Kern, Gaylen (Romney), Registered Nurse Jane Doe, Doctor John Doe, and Correctional Officer John Doe based on the following summary of the allegations of the original complaint:

> He alleges as follows: In September 2022,[2] plaintiff was out-to-court and temporarily housed at the California Health Care Facility ("CHCF"). ECF No. 1 at 4. In a state of distress, plaintiff ingested broken glass. *Id.* He was taken to San Joaquin Hospital for treatment and was released when medical staff determined that the glass was passing through plaintiff naturally. *Id.* at 4-5. Correctional officers from CHCF transported plaintiff from the hospital back to CSP-Sac. *Id.* at 5.
>
> Upon arrival at "TTA 56"[3] at CSP-Sac, defendant Correctional Sergeant J. Kern addressed plaintiff "in a[n] over aggressive/unbecoming manner." *Id.* Kern directed the CHCF transport officers to take plaintiff to "R&R." *Id.* Upon arrival at R&R, another officer told the transport officers to take plaintiff back to TTA 56. *Id.* at 6.
>
> Back at TTA 56, Kern directed that plaintiff be taken "back to A5," but plaintiff refused out of fear that he would be beaten or deprived "of equity of care." *Id.* at 7. Defendant **Registered Nurse Jane Doe** stated that plaintiff was "cleared" to be taken to A5 even though no medical personnel had examined plaintiff in order to clear him. *Id.* Plaintiff again refused to go to A5 without first being seen by "Medical and Mental Health." *Id.*
>
> Defendant Correctional Officers J. Gomez, M. Moreno, and J. Gaylen entered TTA 56 and were informed that plaintiff had broken glass in his stomach. *Id.* Together with Kern, the three correctional officers carried plaintiff, who was in full restraints, to the back of the room. *Id.* at 8. They slammed plaintiff down on his lower back and twisted his legs to force him onto his stomach. *Id.* Plaintiff cried out in pain, but the four defendants continued to assault him, including punching him in the stomach knowing that he had swallowed broken glass. *Id.* **R.N. Jane Doe** ignored plaintiff's cries for help. *Id.* at 9. The doctor present, defendant Doctor John Doe, did not examine or clear plaintiff while he was at TTA 6, nor did he respond to the use of force. *Id.*
>
> Defendant Correctional Sergeant John Doe told the transport officers that plaintiff deserved the assault due to his charges and other conduct. *Id.* Defendant Correctional Officer John Doe grabbed and manhandled plaintiff after the assault, despite plaintiff's cries and tears. *Id.* at 10. Plaintiff was taken from TTA 56

---

[2] The precise date of this event appears to be September 22, 2022. *See* ECF No. 57 at 6-7, 11. Plaintiff's proposed amended complaint also makes repeated references to allegedly similar events which occurred on September 9, 2022, and which were the subject of a separate lawsuit, docketed at *Gallegos v. Fernandez*, 2:24-cv-1786-DAD-JDP (E.D. Cal.). *See* ECF No. 57 at 2, 3, 7.

[3] "Plaintiff refers to TTA 56 as a triage area later in the complaint. ECF No. 1 at 7." ECF No. 8 at 3 (footnote in original, numbered as footnote 2 in original).

> without clearance from medical or mental health staff. *Id.* He was bedridden for a week from injuries he sustained in the assault. *Id.* at 11.

ECF No. 8 at 3-4 (emphasis added); *id*. at 5.

The proposed amended complaint alleges a lengthier account of the same events and includes excerpts from departmental policies. It identifies the Doe physician as Ma Jian, PCP. ECF No. 56 at 1. Much less straightforwardly, the proposed amended complaint also seeks to identify the Doe Nurse as either or both "RN Whaley T." and "RN Kunwar S.," as well as alleging claims against Licensed Clinical Social Worker (LCSW) "J. Risser." *Id*. at 2, 6, 7, 35.[4]

The proposed amended complaint attempts to allege claims in addition to the screened-in Eighth Amendment claim against the original defendants. These are: (1) a Fourteenth Amendment claim for "obstruction/interference, covering up for fellow staff unlawful misconducts, depriving [plaintiff] of Medical/Mental Health Care," ECF No. 57 at 6, 29, 35; and (2) less clearly alleged claims under the First Amendment, Fourth Amendment, Fifth Amendment, and Sixth Amendment against various defendants, *id*. at 35.

Defendants oppose the fourth motion to amend on four grounds. ECF No. 60. First, that the motion was filed untimely in that the court ordered plaintiff to file his proposed amended complaint within 30 days of February 9, 2026 (ECF No. 38), but plaintiff did not file the proposed amended complaint until April 16, 2026 (ECF No. 57). Second, that plaintiff declined his opportunity to add claims against the existing defendants by electing to proceed on only his Eighth Amendment claim. Third, that the proposed new claims will cause undue delay at this stage of the litigation which is prejudicial to defendants. Fourth, that amendment would be futile because the proposed amended complaint fails to state claims against Ma, Kunwar, or Whaley, or Risser.[5]

////

---

[4] The proposed amended complaint does not identify the Doe correctional officer.

[5] Defendants also argue that plaintiff does not have an independent cause of action for violation of prison regulations under 42 U.S.C. § 1983. ECF No. 60 at 9-10. But plaintiff does not appear to be alleging any independent claim for violation of prison regulations.

1. Plaintiff May Amend to Substitute for Doe Defendants

The court's screening order allowed for plaintiff's identification of Doe defendants in an amended complaint. *See* ECF No. 8 at 2 n.1. The court will allow substitution of Doe defendants because Eighth Amendment claims against them were allowed in the court's original screening order, will grant plaintiff's fourth motion to amend to substitute Doe defendants Ma Jian, Whaley, and Kunwar, and will instruct the Clerk to file plaintiff's first amended complaint and add these defendants in substitution for the Doe physician and the Doe nurse.

a) Ma Jian Will Be Substituted for the Doe Physician

The proposed amended complaint identifies Ma Jian as the Doe physician. *See* ECF No. 57 at 1, 25, 35. The court will allow Ma Jian's substitution. For the reasons set forth below, the court will also screen in a First Amendment claim against Ma Jian in addition to the Eighth Amendment claim that was originally screened in.

b) Substitution of Whaley and Kunwar for the Doe Nurse(s)

The proposed amended complaint is much less clear as to the identity of the Doe Nurse. As set forth above, the original complaint alleges that a Doe Nurse "cleared" plaintiff to leave the triage area even though he had not been examined by medical personnel, and that a Doe Nurse ignored his cries for help when officers assaulted him. ECF No. 8 at 3. It might be presumed that a single Doe Nurse allegedly committed these actions, but the amended complaint contains repeated references to two different nurses (Whaley and Kunwar) who might be substituted for the Doe Nurse, as described here.

References and Allegations Related to Whaley. The amended complaint makes the following allegations against Whaley:

> The 7219's Done by PCP/MD Ma Jian and TTA SRN II T. **Whaley** fabricated the document in order to not only cover-up for the unlawful misconducts committed by their fellow staff, but colluded to assist in supporting the false/manufactured narrative of I assaulting Gaylen by kicking her.

ECF No. 57 at 26 (emphasis added).[6]

[6] Quoted excerpts from the amended complaint are reproduced without correcting spelling and grammatical errors.

> The only photo manufactured by defendant Kern of Defendant Gaylens "wounds" was a distant (Intentionally NOT Close-up) photo of her right leg, and the fact is, there is NO markings or any indications of what was falsified as being there by Ma Jian MD and SRN II T. **Whaley** on the 7219.

ECF No. 57 at 27 (emphasis added).

> RN T. **Whaley** also assisted in said fabricated/manufactured falsified evidence, to aid in the defendants false narrative ....

ECF No. 57 at 34 (emphasis added).

<u>References and Allegations Related to Kunwar</u>. The amended complaint makes the following allegations against Kunwar:

> (Note: The Responding Nurse literally did NOT follow up with a medical evaluation instead simply wrote (RN S. **Kunwar**,) under comment "My back," did not mention me being wheeled out on a stretcher, did not write on the 7219 "Notice of injury," anything to implicate the excessive force that I just suffered in conjunction with the incident and attributed the 'lack' of care (as was required) was because of my jumpsuit and that I was "Resistive" although on video I am being wheeled out on a stretcher, disregarding his/her duty in violation of the 14th and 8th amendment).

ECF No. 57 at 32 (emphasis added).

> ... and RN S. **Kunwar** not rendering medical care after the excessive force, nor any one recognizing the excessive force that was just committed against me or my injuries was negligence in the least by **Kunwar** ....

ECF No. 57 at 35 (emphasis added).

Plaintiff's allegations against both Whaley and Kunwar are arguably consistent with the original complaint's allegations against nurse Jane Doe – i.e., that a nurse "cleared" plaintiff to leave the triage area even though he had not been examined by medical personnel, and that a nurse ignored his cries for help when officers assaulted him. ECF No. 8 at 3. Thus, it appears that the actions of the Jane Doe nurse as alleged in the original complaint were those of two nurses, not one. Liberally, construed plaintiffs amended complaint alleges claims as to each as indicated above. The court is unable to disallow the substitution of either Whaley or Kunwar based solely on the facial allegations of the amended complaint. The court will therefore allow plaintiff to substitute both Whaley and Kunwar. They may, of course, each raise any issues as to

their non-involvement and/or mis-identification as their defense, according to their individual circumstances.

The Amended Complaint's Persistent References to "Jane Doe" Nurse and "John Doe" Physician. The amended complaint continues in some instances to refer to the "Jane Doe" nurse and the "John Doe" physician.[7] The court construes these allegations as being made against the substituted defendants (Ma Jian as the substituted John Doe physician, and Whaley/Kunwar as substituted Jane Doe nurses), and accordingly will not permit any further substitutions based on these Doe allegations.

c) The Court Will Not Allow Substitution of "J. Risser"[8]

The proposed amended complaint names "J. Risser" as the "John Doe 'clinician'" referenced in the original complaint, and states that Risser's identity was determined through discovery. *See* ECF No. 57 at 1-2. Plaintiff's designation of Risser is contested by defendants on the grounds that Risser is not the Doe clinician/nurse described in the original complaint, but rather that Risser was involved in a separate incident which occurred on September 9, 2022 and which is the subject of the separate lawsuit filed at *Gallegos v. Fernandez*, No. 2:24-cv-1786-DAD-JDP. ECF No. 60 at 5. But this argument is not altogether correct because the amended complaint links Risser to both events. It acknowledges that Risser was involved in the September 9 incident, ECF No. 57 at 2, while also alleging that it was Risser who "performed the Suicide Risk Assessment Self-Harm Evaluation (SRASHE) on 9/22/2022." *Id.*; *see also id*. at 7 ("I add/name the John Doe Mental Health individual involved with depriving me of proper care on

[7] "A 'Jane Doe' RN appears and simply declares 'He has been cleared get him out of here.'" ECF No. 57 at 10. "'Jane Doe,' RN appeared and told Officer Padilla and Young-Gaines that I have been discharged ...." *Id*. at 23. "John Doe MD, Jane Doe RN and defendants, orchestrated a sadistic means to beat me ...." *Id*. at 16. "Not only was I not seen by MD or Mental Health, but learned that 'John Doe' Medical Doctor fabricated a false narrative ...." *Id*. at 10. "... the 'John Doe' MD did NOT have a face to face consult ...." *Id*. at 23.

[8] Plaintiff alternatively states this individual's name as "J. Ritter." *See* ECF No. 57 at 7. The court employs the spelling "J. Risser" because it is the one most frequently appearing in the amended complaint.

9/22/2022 – LCSW J. Risser. (Especially since he is the Doe from the 9/9/22 Incident – Case settled).").[9]

The more persuasive argument against allowing plaintiff to add and/or substitute a claim against Risser is that he clearly chose to omit any claim against a Doe "mental health individual" in his original complaint, by crossing out "John Doe" who is a "Psych. Clinician" from two separate lists of his defendants. ECF No. 1 at 2, 3. Plaintiff's attempt to substitute Risser (as an LCSW) for a Doe mental health provider/psychiatric clinician is a nonstarter because plaintiff himself determined not to allege, and the court did not screen in, any claim against a "John Doe Mental Health individual." ECF No. 8 at 5. At this late stage of the litigation, the court will not permit plaintiff to re-introduce any claim against a John Doe mental health provider/psychiatric clinician, which claim plaintiff clearly opted to forego at the outset.

2. <u>The Amended Complaint States a First Amendment Claim Against Ma Jian</u>

As noted, plaintiff initially elected to proceed on Eighth Amendment claims that were screened in based on his original complaint, including Eighth Amendment claims against the Doe Physician (Ma Jian) and Doe Nurse(s) (Whaley and Kunwar). ECF No. 11. Plaintiff's tardy-filed amended complaint seeks to add Fourteenth Amendment claims that were screened out in the original screening order, but it does not contain additional allegations sufficient to survive screening now. The amended complaint also fails to allege sufficient facts for new claims based on the First, Fourth, Fifth, and Sixth Amendments, except for a sufficiently-alleged First Amendment retaliation claim against Ma Jian.

---

[9] The amended complaint makes further allegations regarding Risser, as follows:

> ... then on 9/22/22 [Risser] shall have seen me in TTA 56 and admitted me into crisis bed, at the least do a face to face consult in TTA (as is mandated to occurr with the TTA MD and Mental Health) before being "discharged," back to my cell.

ECF No. 57 at 3.

> EXHIBIT 4 Identifies that the "supposedly consult" by LCSW J. Ritter Occurred at 10:44 on 9/22/2022.

*Id*. at 6 (n.b., the amended complaint does not include an "Exhibit 4").

The allegation against Ma Jian is that plaintiff filed a grievance against Ma Jian "just before this incident" and also informed Ma Jian "that I was filing a lawsuit against him and there was an active investigation that he was aware of involving his medical malpractice against me (See 2:24-cv-01596-TLN-JDP)."[10] ECF No. 57 at 25. For purposes of screening, this sufficiently alleges a possible retaliatory motive.

The court will not allow further opportunity to amend because such a delay at this juncture would substantially prejudice defendants. Deadlines in the court's orders carry weight and may not be disregarded, especially because plaintiff elected to proceed on his original complaint and did not timely file a proposed amended complaint when ordered to do so.

## MOTIONS TO COMPEL

A. Plaintiff's Motions to Compel

1. Plaintiff's First Motion to Compel and for Sanctions

In his first motion to compel, plaintiff "ask[s] the Court to Grant a motion to compel Defense/Defendants to produce all listed Evidence/Witnesses provided by [plaintiff] to the Defendant on my Informal Discovery disclosure request." ECF No. 29 at 2. He attaches a 40-page document captioned "Informal direct request for discovery/disclosure from Defense/defendant." ECF No. 29-1. The attachment includes what appear to be plaintiff's discovery requests to defendants (without answers) (*id*. at 1-12), as well as copies of defendants' discovery requests to plaintiff (with answers) (*id*. at 13-40).

The court construes this motion as asking for an order to defendants to answer plaintiff's discovery requests. Plaintiff's "informal direct request for discovery/disclosure from Defense/defendants" makes 10 requests. *Id*. at 1-7. Requests 2, 3, 6, 8, 9, and 10 all relate to video evidence. Request 1 is for hospital records. Request 4 asks for floor staff assigned to the

[10] It is clear from the docket number alone that the lawsuit itself could not have satisfied the causal element of retaliatory motive, because the lawsuit was filed in 2024, more than a year after the September 22, 2022 event in question. It is plaintiff's allegation of a grievance and/or investigation against Ma Jian (or warning thereof) that allows his retaliation claim to survive screening. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim).

triage area. Request 5 asks for incident reports. Request 7 asks for the names of inmates who may have been present during the events alleged in the complaint.

Defendants deny being unresponsive to plaintiff's discovery requests. They provide the following summary of their interactions with plaintiff about his discovery requests, which plaintiff does not dispute:

> The Discovery and Scheduling Order opened discovery in this matter on September 15, 2025. (ECF 24.) Defendants received Plaintiff's "Follow-up Request for Discovery/Disclosure," dated October 20, 2025, on October 27, 2025. (Ex. A.) Defendant responded to the "Follow-up Request for Discovery/Disclosure" with a formal objection on November 19, 2025 (Ex. B), accompanied by a cover letter taking the position that the request was improper and not authorized by the Federal Rules of Civil Procedure and that responsive information would be provided separately. (Ex. C.) This letter also pointed out that the Plaintiff had served a Follow-up Request but Defendant had not received any previous requests and requested that Plaintiff provide a copy of any prior requests. (*Id*.). Information responsive to the "Follow-up Request for Discovery/Disclosure" was provided on November 21, 2025. (Ex. D.)
>
> Defendants received the "Informal direct request for discovery/disclosure from Defense/defendant," dated October 6, 2025 (ECF 29-1 at ppg. 1-7), on December 8, 2025. (Bragg Decl., infra.) Defendants had not received that document previously. (*Id*.) A formal objection to this request was served on December 12, 2025 (Ex. E), along with a cover letter again noting that the request was improper and that responsive information would be provided separately. (Ex. F.) Information responsive to requests numbers 1, 4, and 7 were provided on December 17, 2025. (Ex. G.) Defendants are in the process of making arrangements for Plaintiff to review the video footage requested. (Bragg Decl., *infra*.)

ECF No. 31 at 2.

In his reply,[11] plaintiff effectively narrows the scope of his first motion to compel by only disputing defendants' objections, including their objections to his request for video evidence.[12] ECF No. 35. For this reason, the court limits its analysis to the propriety of defendants' objections and finds that defendants' objections are compliant with Rule 33(b)(4) (as to

---

[11] The court construes the pleading docketed at ECF No. 35 as a reply in support of the first motion to compel. *See* ECF No. 37 (defendants argue that the pleading filed at ECF No. 35 is not a separate motion to compel but rather recites plaintiff's disagreement with defendants' objections to certain discovery requests).

[12] As noted in defendants' summary of events, defendants provided their objections to plaintiff in advance of giving their responses to his discovery responses. Because plaintiff's third motion to compel argues that defendants have been unresponsive to the same 10 informal requests, the court addresses defendants' substantive responses to the 10 requests in its analysis of the third motion to compel, discussed below.

interrogatories) and Rule 34(b)(2)(C) (as to requests for production). Plaintiff's "informal requests" are a sort of mix of both interrogatory and request for production, and so both Rules are relevant. Objections to interrogatories must be stated with specificity. Rule 33(b)(4). Objections to requests for production "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C).

Defendants asserted the following objections to each of the 10 informal requests:

> Defendants J. Kern, M. Moreno, T. Romney (previously known as T. Gaylen), and J. Gomez object to Plaintiff's Discovery/Disclosure Request No. 1 on grounds that a "Discovery/Disclosure Request" is not authorized by the Federal Rules of Civil Procedure[] and initial disclosures are not required in pro se cases under Federal Rule[s] of Civil Procedure 26(a)(1)(B)(4). The "Discovery/Disclosure Request" further is not directed to a specific Defendant as required by Federal Rules of Civil Procedure 33(b)(1)(A) and 34(a). The "Discovery/Disclosure Request" also is compound and is argumentative in that it presumes facts which are in dispute.[13]

ECF No. 31 at 26-34.

Defendants' objections are sufficiently specific because they are based on specific provisions of the Federal Rules of Civil Procedure and they identify specific issues with plaintiff's requests. The objections are compliant with both Rule 33(b)(4) and Rule 34(b)(2)(C), and the court will not overrule them. Plaintiff accordingly also fails to show any basis for awarding sanctions against defendants. For these reasons, the court will deny plaintiff's first motion to compel and for sanctions.

2. Plaintiff's Second Motion to Compel

Plaintiff filed a pleading captioned "Follow up request for Discovery and Disclosure," which the Clerk has docketed as a motion. ECF No. 34. In this pleading plaintiff states that "I am informally adding" 4 more "requests" for information from defendants. Defendants have not responded to this pleading, and plaintiff has not filed any subsequent pleading in support of it. The court construes plaintiff's pleading as a motion to compel regarding the 4 "informal" requests stated in the pleading. But plaintiff has not shown that he propounded these requests to

[13] The last sentence was omitted from defendants' objections to request numbers 8, 9, and 10. ECF No. 31 at 33-34.

defendants according to the methods provided in the Federal Rules of Civil Procedure and in compliance with the court's scheduling order.[14] It also appears that these 4 additional, informal requests are included in plaintiff's third motion to compel, addressed below. The court will deny plaintiff's second motion to compel both because it fails to allege any deficiency regarding defendants' response to any properly-served discovery request and because it appears at least partially duplicative of his third motion to compel.

3. Plaintiff's Third Motion to Compel

Plaintiff's third motion to compel asserts that defendants have failed to respond to his "follow up requests." ECF No. 39. There is some confusion about the subject of this motion. The motion itself appears to reference the 10 "informal requests" which were the subject of plaintiff's first motion to compel, because plaintiff recounts that he sent the requests on October 7, 2025. *See id*. at 5. Defendants seem uncertain whether the third motion to compel relates to 1) the original 10 "informal requests" which are the subject of the first motion to compel, and/or 2) the additional 4 "follow up requests" which are the subject of the second motion to compel. Defendants address both contingencies in their response:

> Plaintiff's motion to compel (ECF No. 39) primarily concerns his "Follow up request for Discovery and Disclosure" dated December 30, 2025, which was filed with this Court on January 12, 2026. (ECF No. 34.) Defendants timely served formal objections to this [follow up] request on January 26, 2026, on grounds that the [follow up] request was untimely and did not constitute an interrogatory under Federal Rule of Civil Procedure 33 or request for production of documents under Federal Rule of Civil Procedure 34. This motion should be denied because it is untimely and a motion to compel an informal request for disclosure is not authorized by Federal Rule of Civil Procedure 37. To the extent this motion references previous informal requests for disclosure, Defendants addressed them in oppositions to other discovery motions filed by Plaintiff. (ECF Nos. 30, 31, 37.) Plaintiff's motion to compel should be denied, not only because Defendants have responded appropriately, but also because Plaintiff failed to meet and confer before seeking court intervention under Federal Rule of Civil Procedure 37(d)(1)(B).

ECF No. 43 at 1-2.[15] Plaintiff has not filed a reply and so does not appear to dispute defendants' factual assertions.

---

[14] The scheduling order set January 9, 2026 as the date for closure of discovery. Plaintiff's "follow up" request was filed on the court's docket on January 12, 2026. ECF No. 34.

[15] Defendants first filed their response on the docket at ECF No. 42. The next day they filed the same response at ECF No. 43, but the second filing includes counsel's signature on their

To the extent the third motion to compel references the same 10 "informal requests," which were the subject of plaintiff's first motion to compel, the court here addresses the adequacy of defendants' responses to the 10 informal requests.

Defendants assert that they have provided information responsive to Informal Requests 1, 4, and 7. ECF No. 43 at 6 ¶ 5; *id*. at 40. Plaintiff does not present any specific arguments disputing the adequacy of those responses.

Defendants' counsel declares that video was shown to plaintiff on January 9, 2026 at California State Prison-Sacramento. *Id*. at 7. They state that this viewing was their "informal response" to Informal Requests 2, 3, 6, 8, 9, and 10.[16] *Id*. at 40. In additional response to Informal Request 10, defendants independently provided the names of the manufacturer and seller of the video cameras on November 21, 2025. ECF No. 31 at 16-19, 21, 23. Plaintiff does not present any specific arguments disputing the adequacy of these responses.

Informal request 5 was for:

> Incident Reports by CHCF Stockton Correctional Officer's Young-Gaines and Padilla. They are the transport Officer's sitting on my observation, waiting for Medical, Mental Health when I was beaten by defendants[.] Policy, Law Rules, Guideline, Operational Procedure Mandates that all present when a use of Force (Let alone a excessive Use of Force) Occurs They are legally required to file their witness accounts of the Incident.

ECF No. 29-1 at 4. Defendants answered this request at the time they made their objections, as follows:

> Without waiving these objections, the Defendants have made a diligent inquiry and a reasonable search but are not in possession, custody or control of the requested documents as no Incident Reports were generated by Officers Young-Gaines and Padilla concerning the incident(s) which are the subject of this action.

ECF No. 31 at 30. Plaintiff does not present any specific arguments disputing the adequacy of this response to Informal Request 5, or refuting defendants' assertion that Young-Gaines and Padilla did not generate any incident reports.

---

declaration (ECF No. 43 at 7). The court therefore references the pleading filed at ECF No. 43 as the more complete document.

[16] In a pleading filed March 30, 2026, plaintiff himself describes what he observed on the video, thus confirming that the viewing occurred. *See* ECF No. 51 at 5.

As to the 4 additional "informal requests" which are stated in the second motion to compel, the topics of these requests are: (1) the names of the nurse and physician who "fabricated" that they saw plaintiff in the triage area; (2) the Department's operational procedures manual; (3) all incident reports involving use of force from 2021 through 2023; and (4) health care operational procedures. It appears plausible that the parties resolved these requests in some manner, because plaintiff has not filed a reply in support of his motion, he has received information allowing him to identify the Doe physician and Doe nurse(s), and his subsequently-filed amended complaint quotes policy provisions at length. As for plaintiff's request for all incident reports involving use of force over a three-year period, the request appears facially overbroad.

Plaintiff has not carried his burden to show why defendants should be compelled to provide additional response to any of his first 10 informal requests or his 4 additional informal requests. For this reason, the court will deny his third motion to compel.

B. Defendants' Motion to Compel

Defendants have filed a motion to compel asking that plaintiff be required to: (1) verify his responses to interrogatories; (2) provide further response to defendants' requests for production Nos. 1, 2, and 3; and (3) respond to defendants' meet and confer requests. ECF No. 32.

Verification of Interrogatories. Plaintiff does not appear to dispute that he has not verified his answers to defendants' interrogatories. ECF No. 33; *see also* ECF No. 32 at 43-57 (copies of plaintiff's answers to interrogatories posed by defendants Kern, Moreno, Gaylen (Romney), and Gomez). Rule 33(b)(3) & (5) requires that a person answering interrogatories "must sign them" and the signature must be under oath or verified. Verification may be provided by a declaration compliant with 28 U.S.C. § 1746, which requires that the declaration be signed and attested as true under penalty of perjury. *Durham v. Experian Information Solutions, Inc.*, No. 23-00255 MWJS-KJM, 2024 WL 7002979, at *10 (D. Hawaii Dec. 10, 2024). The court will order plaintiff to verify his interrogatory answers as required by Rule 33(b) and § 1746.

Defendants' Requests for Production Nos. 1, 2, and 3. Plaintiff has responded to defendants' requests for production (RFPs), as follows:[17]

> RFP No. 1: All documents that support your claims that Defendant violated your rights under the Eighth Amendment as alleged in your complaint.
>
> Answer to RFP No. 1: You haven't provided any Discovery/Disclosures
> You have everything (what little) that I have already I.R.s
> You have access to my Discovery/Disclosure Request it will answer and guide you (along with Def. I.R.s)
>
> RFP No. 2: All declarations or other written statements made by any individual claiming to have seen and/or heard any of the events that are the subject of your complaint.
>
> Answer to RFP No. 2: Defendant Kern immediately took control of the evid[ence] gathering / witness accounts
> What is or NOT was under his dictates and unlawful, again see my Discovery/Disclosure Request
>
> RFP No. 3: All documents that support your claim for damages against Defendant.
>
> Answer to RFP No. 3: See my addendum naming S. Kunwar and Ma Jian [illegible] as well as my Discovery/Disclosure Request

ECF No. 32 at 69.

Rule 34 requires a party to produce responsive documents that are in the respondent's possession, custody, or control, and to state any objections to their production with specificity. *See Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013). Plaintiff has not produced responsive documents, and defendants argue that his answers are incomplete. ECF No. 32 at 5. His responses might be construed as asserting that he does not have responsive documents in his possession, custody, or control, but he does not actually state this. If and to the extent plaintiff may have intended to assert objections to these requests, he also has not stated any objections with the level of specificity required to satisfy Rule 34(b)(2)(C). *See Gorrell*, 292 F.R.D. at 632. Informing defendants that responsive records are already in their possession, or referring

---

[17] Each of the defendants propounded the same RFP Nos. 1, 2, and 3 to plaintiff. The answers plaintiff provided to defendant Gomez are reproduced here because they are the most legible. His answers to defendants Kern, Moreno, and Gaylen (Romney) appear essentially substantively identical. *See* ECF No. 32 at 63-71.

defendants to other communications that may (or may not) describe the documents, is not a satisfactory response under Rule 34(b).

In the special circumstances of prisoner pro se litigation, one court in this district has ordered a pro se prisoner plaintiff to "at least identify the documents that are in his possession, custody, or control that are responsive to the request so Defendant can accurately determine whether he does, in fact, have possession of those same documents." *Williams v. Woodford*, No. 1:06-cv-1535-SKO PC, 2010 WL 4530160, at *3 (E.D. Cal. Nov. 2, 2010). The court will order plaintiff to supplement his responses to the RFPs to produce any responsive documents in his possession, custody, or control, or to alternatively describe those documents with sufficient specificity to permit defendants to identify them, and to also state with specificity any objections he may have to defendants' RFPs.

<u>Meet and Confer Requirements</u>. Defendants state that they attempted to meet and confer with plaintiff before filing their motion to compel, but plaintiff did not respond. ECF No. 32 at 7. They argue that the court should order plaintiff to respond to their requests to meet and confer. Rule 37(a)(1) requires parties to meet and confer in good faith before filing any motion to compel. However, this court's scheduling order specifically noted that Eastern District Local Rule 251, which echoes the meet-and-confer requirement of the Federal Rules, "shall not apply." ECF No. 24 at 1. This court routinely declines to enforce a meet-and-confer requirement in prisoner cases. *E.g., Kahaku v. Wallace*, No. 2:20-cv-1807 KJN P, 2022 WL 2333725, 2022 U.S. Dist. LEXIS 113959 (E.D. Cal. June 28, 2022); *Manning v. Bunnell*, 2:12-cv-2440 MCE AC P, 2014 WL 7336229, at *1, 2014 U.S. Dist. LEXIS 176355, at *6 (E.D. Cal. Dec. 19, 2014). Accordingly, the court will not issue an order as requested by defendants.

**MOTION FOR SUBPOENA**

Plaintiff has filed a request to issue a subpoena to the California Department of Corrections and Rehabilitation (CDCR), to testify at an unspecified hearing or trial, which the Clerk has docketed as a motion. ECF No. 41. He apparently seeks production of documents and tangible things including video from specified cameras. Defendants object that this is an untimely discovery request because the court's scheduling order required service of requests for

discovery no later than November 7, 2025, discovery closed on January 9, 2026, and plaintiff filed the motion February 17, 2026. ECF No. 48. They argue his request for video evidence is also duplicative of his other discovery requests addressed above, that they have arranged for plaintiff to view video, and that plaintiff fails to show good cause for additional discovery. *Id*. The court construes plaintiff's motion for subpoena as a motion to conduct additional discovery. The motion will be denied as duplicative of plaintiff's motion for extension of time to conduct discovery, docketed at ECF No. 50 and addressed below.

## SCHEDULING MOTIONS

A. Plaintiff's Motion For Extension Of Time To Conduct Discovery

Plaintiff has filed a motion for an extension of time to conduct discovery and issue subpoenas. ECF No. 50. He attaches three subpoenas that he apparently seeks to have served if the extension is granted, to obtain document production and/or testimony from: (1) RN Kunwar; (2) correctional officer Padilla; and (3) correctional officer Young-Gaines. ECF No. 50-1. Defendants oppose this motion based on their arguments that: (1) plaintiff filed it more than two months after the discovery cut-off of January 9, 2026; and (2) plaintiff has not been diligent in conducting discovery. ECF No. 54; *see also* ECF No. 24 at 4 (scheduling order). Plaintiff argues that he has been impeded in conducting discovery by prison lockdowns and that defendants "intended to string [him] along in order to cause [him] to miss the filing deadlines." ECF No. 50 at 1-2. But he does not support his argument that defendants misled him.

The court will deny the request for an extension to subpoena and/or obtain discovery from correctional officers Padilla and Young-Gaines. Padilla and Young-Gaines are identified as witnesses in both the original complaint and the amended complaint. ECF No. 1 at 5; ECF No. 57 at 7. Plaintiff's proposed subpoenas to them would merely command them to appear "on or about Sept/Oct. 2026." ECF No. 50-1 at 3, 5. To the extent he seeks to have their testimony at trial, he may renew his requests for subpoenas at that time. To the extent he may be seeking any discovery from them at this juncture, the motion is denied because plaintiff has not been diligent in seeking discovery from these witnesses who were known to him from the outset, and the motion itself is filed long after discovery has closed.

The court will grant an extension to obtain discovery from Kunwar. In considering plaintiff's motion, the court is mindful that plaintiff is a layman and of the unique circumstance arising from the addition of Doe defendants. As already discussed, the court is granting plaintiff's request to add Kunwar as substitution for a Doe Nurse defendant. The court agrees that plaintiff must have an opportunity to obtain discovery from her. However, the court finds that the subpoena which plaintiff proposes to serve on Kunwar is not the most appropriate or expeditious method to conduct this discovery. His proposed subpoena would order Kunwar to appear at an unspecified location "on or around Sept/Oct 2026" and to "[b]ring P.T. documentation / treatment exams / eval [illegible]. He tried to do the 7219 after excessive force – (He was also involved with physical therapy / range of motion mobility disabilities)." ECF No. 50-1 at 1. To the extent plaintiff seeks to obtain document production from Kunwar, the normal discovery methods provided in the Federal Rules of Civil Procedure – such as requests for production and interrogatories – are the appropriate tools. Plaintiff is cautioned that he must serve his discovery requests by the methods provided in the Rules of Civil Procedure. Requests filed on the court's docket are insufficient and non-compliant and plaintiff should not presume that defendants will be required to respond.[18]

The court construes the request for discovery from Kunwar as a request for discovery from a newly-substituted Doe defendant, and will accordingly allow plaintiff to also seek discovery from the other two newly-added Doe-substituted defendants (Ma and Whaley).

Plaintiff requests a 120 to 180-day extension. ECF No. 50 at 2. This is too long in these circumstances, and in light of plaintiff's own tardy extension request. The court will allow plaintiff 20 days from issuance of this order to serve his discovery requests to the newly-substituted Doe defendants. The court recognizes that excusing plaintiff's delay in serving discovery requests may also necessitate the allowance of an untimely motion to compel related to those requests. If he deems it necessary, plaintiff should file such a motion no later than 30 days

[18] According to L.R. 250.2(c), discovery requests shall not be filed on the court's docket unless and until there is a proceeding in which they are at issue. Plaintiff must serve his discovery requests in the manner provided in the Rules of Civil Procedure, and must not file them on the court's docket until and unless necessary in support of motions practice.

after service of defendants' responses. The court will not otherwise modify the scheduling order as to discovery at this time. If any party determines that further modification is necessary in light of this late discovery, it may request such modification by way of a properly-supported motion and the court will evaluate whether good cause exists to further modify the scheduling order.

Finally, the court cautions plaintiff that this one-time excusal of delay is not an invitation to submit new discovery requests beyond those already served on the existing, named defendants.

B. <u>Defendants' Motion to Re-Set Dispositive Motions Deadline</u>

Defendants have filed their motion to vacate and re-set the deadline for filing dispositive motions, to which plaintiff has not filed any opposition. ECF No. 53. The court agrees that an extension is necessary to allow for completion of discovery and will modify its scheduling order accordingly.

**PLAINTIFF'S MOTION FOR A COPY OF HIS DEPOSITION TRANSCRIPT**

Plaintiff has filed a pleading captioned as a request for judicial notice in which he also asks the court to order that defendants provide him a copy of his deposition transcript. The Clerk has docketed this pleading as a motion. ECF No. 44. Defendants' counsel declares that she has arranged for three separate mailings of the transcript to plaintiff: (1) at his deposition on December 22, 2025, counsel asked the court reporter to mail the transcript to plaintiff for his review; (2) because plaintiff claimed he had not received the transcript as of February 9, 2026, counsel asked for another copy to be mailed with tracking which showed delivery as of February 24, 2026 and the prison confirmed delivery to plaintiff on February 26, 2026; and (3) because plaintiff filed his motion on February 26, 2026 (ECF No. 44), counsel arranged for a third copy to be mailed with tracking on March 11, 2026. ECF No. 49 at 4-5.

Plaintiff's reply does not dispute these mailings, and it does not make any further mention of the deposition transcript. ECF No. 51. The court concludes that this issue has been resolved and will accordingly deny as moot plaintiff's motion for a copy of his deposition transcript.

////

////

////

**PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE**

Plaintiff has filed three pleadings captioned as "judicial notice." The court construes all three as requests for judicial notice. A court must judicially notice a fact at any stage of the proceedings if a party requests it and the court is supplied with the necessary information, and if the fact is not subject to reasonable dispute because it is generally known within the court's territorial jurisdiction, or it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

Plaintiff's first request for judicial notice is a sort of summary of his views of the status of discovery. ECF No. 28. Defendants have not responded to this pleading. Nonetheless, the contents of this pleading are not a proper subject for judicial notice because these are not facts that meet the criteria of Rule 201(b) of the Rules of Evidence in that they are not generally known within the court's jurisdiction and they also cannot accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

In his second pleading captioned as a request for judicial notice plaintiff describes his issues with receipt of his deposition transcript, and he also requests issuance of a subpoena. ECF No. 44. Both topics are addressed above. Neither topic is a proper subject for judicial notice.

In the third pleading plaintiff reiterates arguments relating to his motion to compel. ECF No. 52. Defendants object on the grounds that plaintiff's arguments are not appropriate subjects for judicial notice. ECF No. 55. The court agrees. The court will deny plaintiff's third request for judicial notice.

Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff's motions to amend the complaint docketed at ECF No. 25, ECF No. 26, and ECF No. 40, are DENIED as moot.

2) Plaintiff's fourth motion to amend the complaint (ECF No. 56) is GRANTED IN PART and DENIED IN PART, as follows:

    a) The court accepts plaintiff's first amended complaint (ECF No. 57) as the operative pleading;

b) The Clerk shall add the following individuals as defendants, in substitution for Doe defendants named in the original complaint:

i) Ma Jing shall be added in substitution for Doe physician defendant;

ii) RN T. Whaley shall be added in substitution for Doe nurse defendant;

iii) RN S. Kunwar shall be added in another substitution for Doe nurse defendant; and

c) All other claims alleged in the first amended complaint are dismissed with prejudice.

3) Plaintiff's first motion to compel and for sanctions, ECF No. 29, is DENIED.

4) Plaintiff's second motion to compel, ECF No. 34, is DENIED.

5) Plaintiff's third motion to compel, ECF No. 39, is DENIED.

6) Defendants' motion to compel, ECF No. 32, is GRANTED in part and DENIED in part. Plaintiff is ORDERED to, within 20 days of this order:

a) Provide verification for his answers to defendants' interrogatories in accordance with Rule 33(b) and 28 U.S.C. § 1746.

b) Supplement his responses to defendants' requests for production Nos. 1, 2, and 3 by producing any responsive documents in his possession, custody, or control or alternatively by describing those documents with sufficient specificity to permit defendants to identify them, and to also state with specificity any objections he may have to the requests for production.

7) Defendants' motion to vacate the deadline for dispositive motions, ECF No. 53, is GRANTED and the court's Rule 16(b) scheduling order is modified as set forth below.

8) Plaintiff's motion for extension of time to conduct discovery, ECF No. 50, is GRANTED IN PART AND DENIED IN PART and the court's Rule 16(b) scheduling order is modified as set forth below.

9) The court's Rule 16(b) scheduling order (ECF No. 24) is modified as follows:

a) Plaintiff may serve discovery requests addressed ONLY to defendants Ma, Whaley, and Kunwar no later than 20 days from the date of this order.

b) Plaintiff shall file any motions to compel no later than 30 days after service of responses by defendants Ma, Whaley, and Kunwar.

c) Dispositive motions shall be filed no later than 120 days from the date of this order.

10) Plaintiff's motion for a copy of his deposition transcript, ECF No. 44, is DENIED as moot.

11) Plaintiff's request to issue a subpoena, ECF No. 41, is DENIED as duplicative of his motion to extend time for discovery.

12) Plaintiff's requests for judicial notice, ECF No. 28, ECF No. 44, and ECF No. 52, are DENIED.

Dated: August 19, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE